UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT CIPOLLINI,** | : | **CIVIL ACTION NO. 3:22-558** |
| Plaintiff | : | (JUDGE MANNION) |
| v. | : | |
| **ERIKA HILBURT**, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

**I.    BACKGROUND**

Presently before the court is Magistrate Judge Martin C. Carlson's April 19, 2022 report and recommendation, (hereinafter "report"), (Doc. 6), which recommends that the civil rights complaint under 42 U.S.C. §1983 filed by the *pro se* plaintiff Robert Cipollini, (Doc. 1), be dismissed. Since Cipollini also filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), Judge Carlson conducted the obligatory screening of his complaint even though he is not an inmate. *See* Jarvis v. D'Andrea, 2014 WL 4251605 (M.D. Pa. 2014). Specifically, the report finds that the complaint should be dismissed since the plaintiff is seeking this federal court to intervene in his bail supervision conditions and his electronic monitoring set in his pending criminal case by

Luzerne County Court and to review the actions of the defendant pre-trial services officers who are supervising the plaintiff's court-ordered home detention.[1]

To date, the plaintiff has not filed objections to Judge Carlson's report and the time within which they were due has expired.

## II.   STANDARD

When no timely objections to a report are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept,

---

[1] Cipollini, is charged in Luzerne County Court with aggravated assault, terroristic threats, simple assault, reckless endangering, disorderly conduct, possession of a firearm by a prohibited person, and driving with a suspended or revoked license. *See* Commonwealth v. Cipollini, CP-40-CR-0000658-2021. Cipollini's case was scheduled for trial on June 14, 2022. The court takes judicial notice of Cipollini's state court criminal docket which can be found at https://ujsportal.pacourts.us/Report/CpDocketSheet.

not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

Since the complete background of this case is stated in Judge Carlson's report, (Doc. 6), it will not be repeated herein.[2] Judge Carlson correctly finds that the court should dismiss Cipollini's complaint seeking it "to intervene in bail supervision matters in [his] on-going state [criminal] case, and make peremptory rulings regarding the constitutionality of the manner in which pre-trial services officers are overseeing his court-ordered home detention" based on the Rooker-Feldman doctrine and the Younger abstention doctrine.[3] Further, there is no claim that Cipollini cannot raise his

---

[2] Since Judge Carlson states the correct applicable legal standard for a motion to dismiss under Rule 12(b)(6) as well as the pleading standard under Rule 8, they shall not be repeated herein. Also, Judge Carlson states the correct applicable legal standards with respect to the Rooker-Feldman doctrine and the Younger abstention doctrine, and they will not be repeated.

[3] The court also notes that to the extent Cipollini's seeks broad injunctive relief regarding the state court's bail order in his pending criminal case, such relief may also be barred under the Anti-Injunction Act, 28 U.S.C. §2283. See Donahue v. Hazleton Career Link, 2013 WL 3944189, at *6 n. 5 (M.D. Pa. July 30, 2013) (noting that the Anti–Injunction Act may prohibit the federal court "from interfering with any determination by the State Court regarding the criminal case currently pending against plaintiff in Luzerne County Court, such as his confinement in [county prison] and the amount of his bail …." (citation omitted).

constitutional claims in his criminal state court proceedings, and his criminal docket indicates that motions to be released from pre-trial services electronic monitoring have been filed with the state court in Cipollini's case. "Absent some showing of a procedural defect, the presumption is that '[s]tate courts are every bit as competent to deal with the [plaintiff's] claims ... as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution.'" Mikhail v. Kahn, 991 F. Supp. 2d 596, 629 (E.D. Pa. 2014) (quoting Lui v. Comm'n on Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004)).

    Finally, the report finds "to the extent that Cipollini is attempting to bring some sort of false imprisonment claim for damages against the pre-trial services officers based upon their actions complying with and enforcing a court order directing home detention and electronic monitoring for Cipollini pending trial, this claim fails [based on Wallace v. Kato, 549 U.S. 384, 389, 127 S. Ct. 1091, 1096 (2007)]", since "it is evident that Cipollini's home confinement is being conducted pursuant to a state court order." Thus, the report concludes that since Cipollini "is confined pursuant to legal process[,] [he] may not pursue a claim of false imprisonment against those who are charged with enforcing this court order."

The court has considered the findings in Judge Carlson's report recommending that Cipollini's complaint be dismissed, and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report.

## IV.    CONCLUSION

Based upon the foregoing, the court will **ADOPT IN ITS ENTIRETY** Judge Carlson's report and recommendation, **(Doc. 6)**, and it will **DISMISS** the plaintiff's complaint, **(Doc. 1)**, without having it served on the defendants. An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 27, 2022**
22-558-01